UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDRE A. BRUNT,

        Plaintiff,

    v.                           Case No. 20-C-726

JESSE BUSSHARDT, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff, who is in custody at Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). On May 22, 2020, the court waived the initial partial filing fee and directed Plaintiff that he must voluntarily dismiss the action within 20 days. To date, Plaintiff has not moved to voluntarily dismiss this action. Because Plaintiff has not moved to dismiss the action, the court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee and screen the complaint.

## SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

On August 28, 2016, Plaintiff alleges that police officers Jesse Busshardt, Chad Boyack, and Mark Dillman unreasonably seized and searched Plaintiff without probable cause or reasonable suspicion as he was exiting a vehicle that the officers alleged was on the top ten list of stolen vehicles in the city of Milwaukee. Plaintiff claims the defendants wanted to frame him and promote their agenda with the cast and crew of the BBC news.

Plaintiff also alleges that prosecutor Samuel Tufford improperly pursued Plaintiff's prosecution by denying him due process and equal protection. On April 1, 2017, Plaintiff says Assistant District Attorney Thomas L. Potter reissued a criminal complaint in Milwaukee. This was after the state's crime lab found DNA evidence on a gun that matched Plaintiff's DNA. Tufford has since elected to prosecute Plaintiff. Plaintiff claims Tufford is also pursuing two other cases against Plaintiff. Plaintiff lists the ongoing cases as 17-CF-866, 17-CF-2519, 18-CF-1282 (a review of Wisconsin circuit court records, available at http://wcca.wicourts.gov, shows that Plaintiff is facing charges in Milwaukee county in these three proceedings).

## THE COURT'S ANALYSIS

Based on the court's reading of the complaint, it appears that Plaintiff is attempting to improperly bring unrelated claims in a single case. In the first section of his complaint, Plaintiff describes allegations against three police officers. In what appears as a second section of his complaint, Plaintiff attempts to name a prosecutor as a defendant.

As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes

3

provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id*. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

Further, to the extent Plaintiff is asking the court to intervene in his three ongoing criminal proceedings in Milwaukee County, the court lacks jurisdiction to do so. Under the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must abstain from intervening in state court proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436–37 (1982)). As the Supreme Court has explained, "*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).

4

Finally, to the extent Plaintiff is attempting to sue a state prosecutor, his claims are futile. "Prosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 341–43 (2009); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)). "[A]bsolute immunity shields prosecutors even if they act 'maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.'" *Williams v. City of Chicago*, 315 F. Supp. 3d 1060, 1076 (N.D. Ill. 2018) (quoting *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986)).

The court finds that the complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants. The *George* court instructed that such "buckshot complaints" should be "rejected." 507 F.3d at 607. Therefore, the court will dismiss the original complaint submitted on May 12, 2020. If Plaintiff wishes to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. An amended complaint must be filed on or before **August 17, 2020**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted).

5

If the amended complaint is received, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A.

Further, Plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, Plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepaying the full filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint submitted on May 12, 2020 be and the same is **DISMISSED**.

**IT I FURTHER ORDERED** that Plaintiff is directed to file an amended complaint on or before **August 17, 2020**, which contains only related claims in accordance with this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not file an amended complaint by **August 17, 2020,** that complies with the requirements of Rules 18 and 20 of the Federal Rules of Civil Procedure, this action will be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's

income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this Order be sent to the officer in charge of the agency where the inmate is confined. A copy should also be sent to Dennis Brand at the Milwaukee County Jail.

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 16th day of July, 2020.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge